UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GENNARO GERITANO,

                              Petitioner,

            v.                                                    9:05-CV-340
                                                                    (FJS/GJD)
T. S. CRAIG,

                              Respondent.

---

APPEARANCES

GENNARO GERITANO
43457-054
FCI Ray Brook
P.O. Box 9004
Ray Brook, New York 12977
Petitioner *pro se*

SCULLIN, Chief Judge

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

Currently before the Court is Petitioner Gennaro Geritano's petition for *habeas corpus* relief, pursuant to 28 U.S.C. § 2241, as well as his application to proceed *in forma pauperis.  See* Dkt. Nos. 1-2.  Petitioner has paid the required filing fee.

Petitioner, who is confined at the Federal Correctional Institution at Ray Brook, New York, brings this action to challenge the sentence that the United States District Court for the Eastern District of New York imposed upon him.  That court sentenced Petitioner in September 1998, to a term of ten years and ten months imprisonment.  *See* Dkt. No. 1 at 2.  Petitioner did not appeal from the September 1998 judgment of conviction.  *See id.* at 7.  According to

Petitioner, he filed a Petition for a Writ of Error Coram Nobis with the sentencing court, which

that court construed as a motion filed pursuant to 28 U.S.C. § 2255. *See Geritano v. United*

*States*, No. 04-1285, 2005 WL 333734 (2d Cir. Feb. 9, 2004) (unpublished opinion).[1]  The

sentencing court denied Petitioner's § 2255 motion on January 30, 2004.  *See* Dkt. No. 1 at 7.

The Second Circuit affirmed that decision on February 9, 2004.  *See id.*; *see also Geritano*, 2005

WL 333734.

As a basis for his current petition, Petitioner asserts that the sentencing court improperly

separated "4 counts of a Hobbs Act violation; each of which were factually related."  Petitioner

alleges that, by doing so, the sentencing court violated the Federal Sentencing Guidelines.  *See*

Dkt. No. 1 at 3.  Accordingly, Petitioner claims that he is entitled to resentencing.[2]

## II. DISCUSSION

**A.     Section 2255 and Section 2241**

A prisoner in custody under sentence of a federal court who wishes to attack the validity

of his conviction or sentence collaterally may file a motion in the sentencing court pursuant to 28

U.S.C. § 2255.  *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004);

*Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997).  That right, however, is not

---

[1] The Court cites to this unpublished summary order not for legal precedent but to establish that Petitioner filed a prior § 2255 motion in the sentencing court, which that court denied on its merits.  *See* Local Rules of the Second Circuit § 0.23 (unpublished summary orders of the Second Circuit "do not constitute formal opinions of the court and . . . shall not be cited or otherwise used in unrelated cases before this or any other court.").

[2] The Court notes that Petitioner does not claim that he is actually innocent of the crimes of which he was convicted.

unlimited.  Rather, § 2255 contains a gatekeeping provision that limits a petitioner's ability to file

a second or successive § 2255 motion.  In pertinent part, this statute provides that

> [a] second or successive motion must be certified as provided in
> section 2244 by a panel of the appropriate court of appeals to
> contain –
>         (1) newly discovered evidence that, if proven and viewed in
> light of the evidence as a whole, would be sufficient to establish by
> clear and convincing evidence that no reasonable factfinder would
> have found the movant guilty of the offense; or
>         (2) a new rule of constitutional law, made retroactive to
> cases on collateral review by the Supreme Court, that was
> previously unavailable.

28 U.S.C. § 2255.

By contrast, a petition pursuant to 28 U.S.C. § 2241 is the proper vehicle to challenge the

execution of a sentence.  *See Adams*, 372 F.3d at 135; 28 U.S.C. § 2241.  For example, a

petitioner may use a § 2241 petition to challenge a federal official's computation of a sentence,

parole decisions, or prison disciplinary actions.  *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir.

2001) (citation omitted).  A federal prisoner, however, generally may not seek relief from his

conviction or sentence pursuant to a § 2241 petition.


**B.      Section 2255's savings clause**

There is an exception to the bar against a federal prisoner using a § 2241 petition to attack

a federal conviction collaterally.  Pursuant to the so-called "savings clause" of § 2255, a federal

prisoner may seek relief under § 2241 if he can show that his remedy under § 2255 "is inadequate

or ineffective to test the legality of his detention."  28 U.S.C. § 2255; *see Triestman v. United*

*States*, 124 F.3d 361 (2d Cir. 1997).

The Second Circuit discussed this "savings clause" provision at length in *Triestman* and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378 (citations omitted).[3]  In other words, this interpretation of § 2255's savings clause would appear to limit habeas relief to those circumstances in which § 2255's remedy is unavailable and the "failure to allow for collateral review would raise serious constitutional questions." *Triestman*, 124 F.3d at 377.  Therefore, where a petitioner claims that § 2255's remedy is not available and also asserts a claim of actual innocence which he can prove based upon the existing record and which he could not have asserted earlier, § 2255's savings clause allows for habeas review.  *See Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir.2003) (quotation omitted); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003) (quotation and footnote omitted).[4]

---

[3] However, courts that have addressed this issue have concluded that § 2255's remedy is not inadequate or ineffective in most other situations. *See, e.g., Love v. Menifee*, 333 F.3d 69, 73-74 (2d Cir. 2003) (§ 2255's remedy is not unavailable because the Supreme Court has not made a new rule of constitutional law retroactive to cases on collateral review)*; Jiminian*, 245 F.3d at 147-48 (citations omitted) (§ 2255's remedy is not inadequate or ineffective merely because the petitioner is unable to meet the gatekeeping requirement for permission to file a second or successive § 2255 motion)*; United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (citation omitted) (§ 2255's remedy is not inadequate or ineffective simply because the petitioner "allowed [that statute's] one year statute of limitations . . . to expire.")*; Triestman*, 124 F.3d at 376 (procedural barriers to the filing of a § 2255 motion, without more, do not establish that statute's inadequacy or ineffectiveness); *Williams v. United States*, 481 F.2d 339, 344 (2d Cir. 1973) (citation omitted) (§ 2255's remedy is not inadequate or ineffective within the meaning of this savings clause merely because the sentencing court denied the petitioner relief on the merits of the motion).

[4] In *Cephus*, the Second Circuit reaffirmed its prediction in *Triestman* that "the types of cases raising such serious constitutional questions would be 'relatively few . . . .'" *Cephus*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 378).  The *Cephus* court also stated that "to date we have recognized only one: cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an

(continued...)

-4-

## C.    Petitioner's claims

As noted, in support of his petition, Petitioner argues that the sentencing court should have grouped together four Hobbs Act violations rather than treating them as four separate crimes.  This assertion clearly challenges the imposition of his sentence and not its execution.  Thus, Petitioner's remedy lies with § 2255 unless he can establish his right to proceed under § 2255's savings clause, thereby permitting him to bring this petition pursuant to § 2241.

Petitioner filed a Petition for a Writ of Error Coram Nobis in the United States District Court for the Eastern District of New York, which that court construed as a § 2255 motion and denied.  *See* Dkt. No. 1 at 6; *see also Geritano*, 2005 WL 333734.  Thus, pursuant to § 2255, he may not file a second or successive motion unless he first receives the Second Circuit's permission to do so.  *See* 28 U.S.C. § 2255.  Petitioner does not claim that he sought the necessary certification from that court; instead, he merely states that his present claim is time-barred and that, if this Court were not to allow him to bring his claim under § 2241, such a decision would raise serious constitutional concerns.  *See* Dkt. No. 1 at 15.[5]

In this case, however, nothing in Petitioner's application establishes that § 2255's remedy would be inadequate or ineffective in addressing the legality of his detention.  Although it appears that Petitioner did not raise the present claim in his first § 2255 motion, he could have raised it but chose, for whatever reason, not to do so.  He cannot now resort to § 2241 merely to

---

[4](...continued)
earlier time.'"  *Id.* (quoting *Triestman*, 124 F.3d at 363) (footnote omitted).

[5] The Court notes that, even if the Second Circuit were to certify a second or successive § 2255 motion, this Court would lack jurisdiction to entertain that motion because a petitioner must file such a motion in the sentencing court.  *See* 28 U.S.C. § 2255.

save his now untimely claim.  Moreover, although it appears that § 2255's remedy is unavailable

to Petitioner, that alone does not establish that this remedy is inadequate or ineffective.

Furthermore, this Court concludes that its denial of Petitioner's request to proceed under § 2255's

savings clause does not raise a "serious constitutional question."  *See, e.g., United States v. Lurie*,

207 F.3d 1075, 1077 (8th Cir. 2000) (§ 2255's remedy is not inadequate or ineffective simply

because the petitioner "allowed [that statute's] one year statute of limitations . . . to expire."); *see*

*also supra* at n.3.  Therefore, the Court finds that § 2255's savings clause does not apply to this

case, and this Court lacks jurisdiction to entertain Petitioner's § 2241 petition.[6]  Accordingly, the

Court dismisses Petitioner's petition.[7]


### III. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Petitioner's petition is **DISMISSED**; and the Court further

---

[6] Alternatively, even if the Court were to construe Petitioner's application as a second or successive § 2255 motion, the Court would lack jurisdiction over such a petition.  *See* 28 U.S.C. § 2255.

[7] In light of its dismissal of the instant petition, the Court denies Petitioner's *in forma pauperis* application as moot.

     **ORDERS** that Petitioner's *in forma pauperis* application is **DENIED AS MOOT**; and

the Court further

     **ORDERS** that the Clerk of the Court serve a copy of this Order on Petitioner.


**IT IS SO ORDERED.**


Dated:  April 22, 2005
       Syracuse, New York




                    Frederick J. Scullin, Jr.
                    Chief United States District Court Judge